EMILIO COSME DE JESÚS y ANGÉLICA VARGAS REYES por sí como demandantes y en representación de su hijo menor de edad EMILIO COSME VARGAS, demandantes y apelantes, *v.* HARTFORD ACCIDENT AND INDEMNITY COMPANY, ADALBERTO GONZÁLEZ SUÁREZ y JUAN J. GONZÁLEZ SUÁREZ, demandados y apelados.

Número 11824.

*Sometido:* 2 de abril de 1958. *Resuelto:* 19 de mayo de 1958.

*Ernesto R. Rodríguez Aponte,* abogado de los apelantes; *R. Rivera Zayas, G. Rivera Cestero, Milton F. Rúa* y *A. Segurola de Diego,* abogados de los apelados.

*PER CURIAM:* Se trata de un recurso de apelación contra la sentencia dictada en el caso del epígrafe declarando sin lugar la demanda, luego de haberse formulado por el tribunal sentenciador las siguientes conclusiones:

"CONCLUSIONES DE HECHO

"El día 21 de junio de 1954, como a las 12:30 P. M., el señor Juan José González conducía el automóvil Cadillac, tablilla número 23–196, propiedad de Adalberto González, en dirección de la Calle Loíza hacia Boca de Cangrejos.

"Juan José González conducía dicho vehículo a una velocidad de no más de 20 ó 25 millas, y en los momentos en que iba a entrar en la carretera que conduce a Boca de Cangrejos, más bien un poco antes de llegar a la intersección que allí existe con la carretera que conduce a Carolina, dobló un poco hacia su izquierda para orientarse por el lado derecho de la carretera de Boca de Cangrejos y por ello se desvió un poco hacia el centro, y en ese momento uno de dos ciclistas que

venían por la intersección, se lanzó a cruzar de la derecha del señor González, hacia su izquierda y en frente de su automóvil, como a una distancia de 10 ó 15 pies del frente de su carro. El señor González inmediatamente aplicó los frenos, no pudiendo evitar darle a la bicicleta y al ciclista. El automóvil Cadillac paró como a 10 pies del sitio donde había aplicado los frenos, volando el ciclista por el aire y cayendo al lado izquierdo de la carretera, como de Santurce a Boca de Cangrejos.

"Inmediatamente que sucedió el accidente, el conductor Juan José González recogió a Emilio Cosme Vargas, conduciéndolo al Hospital Municipal.

"Emilio Cosme Vargas, a consecuencia del accidente, sufrió una concusión cerebral sin fractura pero con un síndrome post concusión del cual todavía padece consistente de mareos, fotofobia y zumbidos; estuvo inconsciente alrededor de 48 horas, pero respondió bien al tratamiento.

"Que el menor Emilio Cosme Vargas estuvo hospitalizado durante once días y luego fué dado de alta para continuar bajo tratamiento en la clínica del dispensario del Hospital Municipal. Que en la actualidad siente zumbidos y algunos mareos que de acuerdo con el diagnóstico médico, le quedará por algún tiempo. Fuera de esto, su condición física es normal.

"A la fecha del accidente existía una póliza de seguro entre Hartford Accident & Indemnity Co. y Adalberto González Suárez contra daños personales con un límite de $5,000.

"Que el accidente se debió a la culpa y negligencia del propio demandante Emilio Cosme Vargas, al lanzarse a cruzar frente al automóvil Cadillac propiedad del demandado.

## "Conclusiones de Derecho

"Veamos si los hechos probados, interpretados a la luz de la ley y la jurisprudencia dan lugar a los daños y perjuicios solicitados por los demandantes.

"La presente acción está predicada en los arts. 1802 y 1803 del Código Civil de Puerto Rico que en su parte pertinente dicen así:

" 'Artículo 1802.—El que por acción u omisión causa daño a otro, interviniendo culpa o negligencia está obligado a reparar el daño causado.'

" 'Artículo 1803.—La obligación que impone el artículo anterior es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.

" 'Lo son igualmente los dueños o directores de un estableci-miento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados o con ocasión de sus funciones.'

"Los elementos de la acción de daños y perjuicios son: (*a*) la acción u omisión por falta de hacer las cosas debidas; (*b*) la culpa o negligencia por parte de la persona de quien se reclaman los daños y (*c*) que efectivamente se hayan causado daños por dicha persona al demandante.

"Para responsabilizar a una persona por lo tanto hay que demostrar que es su propio acto torticero o el de la persona de quien se debe responder lo que dió motivo a los daños.

"Para la determinación del daño es preciso, que éste sea cierto; y para la existencia de la culpa o negligencia, éstas deben ser comprobadas de tal modo, que no quepa lugar a dudas sobre las mismas, a los fines de que medie entre ellas, y el mal producido, la relación de causa y efecto.

"Las disposiciones de la Ley de Automóviles de Puerto Rico incluyen a las bicicletas y por la sec. 20 de la Ley núm. 279 de 5 de abril de 1946, conocida por 'Ley de Automóviles y Trán-sito', se dispone lo siguiente:

" 'Las disposiciones de esta ley relativas al tránsito de vehícu-los de motor, serán aplicables a los conductores de tranvías, carretones de mano, carretones tirados por animales, motoci-cletas y bicicletas, excepto aquellas disposiciones que por su propia naturaleza no le sean aplicables.'

"Vemos por lo tanto, que los principios de responsabilidad que regulan el tráfico en calles y carreteras con referencia a vehículos de motor, son aplicables asimismo a motocicletas y bicicletas.

"A este respecto se ha dicho:

" 'The reciprocal duties of a bicyclist and automobilist, being governed by the common-law rule that each is bound to exercise reasonable care toward the other in their use of the public high-ways, the same rules as to lack of care constituting contributory negligence are generally applied to a bicyclist as to a motorist or motorcyclist.' (5 Am. Jur. pág. 754, pár. 440.)

"Aplicando esta doctrina se ha exigido el mismo grado de cuidado para un ciclista que para un automovilista al discurrir por las carreteras y no solamente se les ha pedido que deben de ejercitar el debido cuidado para evitar el peligro, que es

obvio, y del cual deben tener conocimiento, sino que su deber es estar alerta para descubrir aquellos que de una manera súbita surjan del tránsito normal de vehículos, y el no ejercitar esa vigilancia razonable, constituye más tarde impedimento para poder recobrar daños.

"Los deberes y cuidados de un ciclista al cruzar una avenida o una carretera son recíprocos a aquellos que se exigen de los que manejan vehículos de motor. No se puede esperar de ellos menos prudencia en su obligación de ejercer el debido cuidado que aquella que se exige de una persona razonable. Véase Blashfield, 2 A Cyclopedia of Automobile Law, pág. 470.

"Un ciclista que se coloca en una posición de peligro frente a un vehículo, constituye negligencia de su parte. En este caso, la carretera estaba expedita. No había nada que se interpusiera entre la vista del ciclista y el vehículo de motor que se aproximaba. Sin embargo, él cruzó la carretera sin mesurar el grado de cuidado que debía ejercitar en contraposición al peligro a que se precipitaba. Ello constituye negligencia y fué la causa próxima del accidente.

"El que guía una bicicleta o cualquier clase de vehículo, viene obligado a ver lo que se encuentra frente a su visión. De no verlo, se le imputa de negligente como cuestión de ley, por no haber visto lo que era obvio ver.

"La conducta del demandante tuvo tal efecto en la producción del daño, que ahora está impedido de solicitar resarcimiento al Tribunal, y puesto en la posición más favorable, su negligencia sería contributoria."

Se imputa como único error el haber concluído el tribunal a quo que el accidente se debió a la culpa y negligencia del propio demandante Emilio Cosme Vargas.

El estudio que hemos hecho de la transcripción de evidencia, nos convence de que las conclusiones de hecho están plenamente sostenidas por la prueba presentada. En términos generales son igualmente correctas las conclusiones de derecho.

*En su consecuencia la sentencia apelada será confirmada.*